## MARGARET REID, Adm'x,

v.

## CITY OF CHICAGO.

</div>

1.  PLEADING.—The opinion in this case contains a good statement of a plaintiff's title and interest in a waterway.

2.  JURISDICTION.—This court has no jurisdiction to authoritatively decide the question whether the plaintiff's intestate had a property interest in the waters of the feeder as a navigable channel or canal so that the drawing off such waters and leaving the channel unnavigable was such a physical deprivation of such property as amounted to a *taking* within the meaning of § 11, Art. 13 of the Constitution of 1848, and gave a right of action.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.   Opinion filed August 6, 1886.

This was an action on the case originally brought in April, 1876, by Jeremiah Clowry and Alexander Reid against the city of Chicago, to recover damages for the injury to the property and business of plaintiffs, as owners and operators of a certain stone quarry situated near to a certain artificial channel, cut and made by the State of Illinois before the year 1849, as and for a feeder to the Illinois and Michigan canal, which said first mentioned channel was called the Calumet feeder, which was of sufficient width and the waters therein of sufficient depth to be navigable for flat boats, and which plaintiff had been accustomed to use in that way in

conveying their stone from said quarry to said Illinois and Michigan canal, but that the defendant in its work of deepening said canal from Bridgeport to Lockport, had thereby so lowered the waters of said feeder, as to render the same unnavigable and to deprive plaintiffs of the use thereof.

It appears from the record that said Clowry having died, on suggestion it was ordered that the cause proceed in the name of the surviving plaintiff, Reid; that afterward, January 28, 1885, the latter having died, on suggestion it was ordered that the administratrix of his estate be substituted, and the cause proceed in her name.

The declaration contains two counts, and it appears on the face of it and as applicable to both counts, that the lowering of the waters of the feeder was occasioned by the execution by the defendant of a plan of public improvement, for cleaning the Chicago river, by deepening, to the additional depth of eight feet, the bed or bottom of said Illinois and Michigan canal from Chicago to Lockport; that such improvement was authorized by an act of the legislature, passed February 15, 1865; that complete arrangements were made for doing said work, contracts let and possession of the canal taken for the purpose, and a large portion of the work done prior to the adoption of the Constitution of 1870, although it was not completed until July 15, 1871.

The court below sustained a general demurrer to the declaration, and plaintiff prosecutes this appeal.

Mr. JOHN S. COOK and Mr. J. R. DOOLITTLE, for appellant; cited Sinnickison v. Johnson, 2 Harrison, N. J., 129; Gardner v. Newburgh, 2 John. Ch. 162; Pumpelly v. Green Bay Co., 13 Wal. 166; Adams v. Slater, 8 Bradwell, 72; Canal Trustees v. Haven, 5 Gilman, 548; 11 Ill. 554.

The city of Chicago is liable for damages to private property for its acts in deepening the Illinois and Michigan canal: City of Chicago v. Joney, 60 Ill., p. 383; City v. Huenerbein, 85 Ill. 594.

It is no answer to say the city was doing it under the authority of the State. It was done by the city, and for the

Reid v. City of Chicago.

city of Chicago, to improve its sewerage: City of Chicago v. Joney, 60 Ill., 385 ; Act Feb. 16, 1865 ; Ordinance June 5, 1865.; Angell on Watercourses, Sec. 567 ; Gould on Waters, Secs. 582, 583.

It is not a case of consequential damage or damage without injury. There was an actual diversion of navigable water from the plaintiff's land, and a taking away or destruction of a property right in the flow of the water, a taking away of the navigable water, a part of, and incident to, the land itself ; and it was, also, a direct damage to the property which was not taken: Section 13, Art. 3, Constitution ; Gould on Waters, Sec. 204, and notes ; Angell on Watercourses, Secs. 340, 97, 99 ; Evans v. Merriweather, 3 Scammon, 492 ; Druley v. Adam, 102 Ill. 177.

Mr. H. O. McDAID and Mr. C. A. KNIGHT, for appellee ; that the demurrer was properly sustained, cited Murray v. Haverty, 70 Ill. 318 ; Marshall v. Trumbull, 28 Conn. 183 ; Hutchinson v. Chase, 39 Me. 513.

If a person owns land bounded by the bank of a stream he can not claim any right in the bed of the stream or waters thereof : Rockwell v. Baldwin, 53 Ill. 19 ; Hatch v. Dwight, 17 Mass. 298 ; Child v. Starr, 4 Hill (N. Y.), 369.

As to waters flowing in the canal of a canal company : Gould on Waters, § 225 ; R. R. Co. v. Buell, 102 Pa. 23 ; Fox v. Cin., 104 U. S. 783 ; Washburn on Easements, 424 ; Longstreet v. Harkrader, 17 Ohio, 23, 28.

It is only when some special damage results to property by reason of the injurious disturbance of some right of property in a street or highway by which an abutting proprietor is specially injured as to such property that an action will lie: Rigney v. City of Chicago, 102 Ill. 64 ; McCarthy Case, 7 Eng. & Irish Appeals, 264 ; Becket v. Midland Ry. Co., L. R., 3 C. P. 96

The entire abandonment of the canal could not create any different liability. Every lessee of power took his lease and put up his improvements with full notice of the reserved right of the State to discontinue its canal and stop his supply of water: Hubbard v. City of Toledo, 21 Ohio, 379 ; Ele-.

vator Co. v. Cincinnati, 30 Ohio, 629; Trustees of the W. &
E. Canal v. Brett, 25 Ind. 409; Fishback v. Woodruff, 51
Ind. 102; Commonwealth v. Pennsylvania Railroad Co., 51
Pa. St. 351.

McALLISTER, J.   We are of opinion that the first count of
the declaration, to which the court below sustained the de-
murrer, is clearly insufficient to show a cause of action.   There
was no attempt by the pleader to set out any title or interest
of plaintiff in the waters of the Calumet feeder, other than
that which might be claimed by every other individual of the
general public.   There is nothing stated from which there
could arise a legal duty on the part of the State to keep and
maintain the waters of said artificial channel, constructed only
for the purposes of a feeder to the Illinois and Michigan
canal, in a navigable condition.   And it appears by direct
averment in the count, that the city of Chicago, in deepening
said canal, as a consequence of which the waters of the feeder
became lowered to an unnavigable depth, acted in pursuance
of authority given by the legislature for the purpose, and
there is no averment that, in the execution of the authority so
given, the defendant did anything in excess of it, or that the
work or any part of it was negligently or unskillfully per-
formed.   There is nothing stated in that count which could
derogate from the absolute right of the State, so far as
plaintiff's intestate was concerned, to draw off the waters and
discontinue the use of both canal and feeder.   Fox v. Cincin-
nati, 104 U. S. 783, and cases cited.

There is more difficulty in deciding as to the sufficiency of
the second count.   In that, the pleader set out the title and
interest of plaintiff by these allegations:   And whereas plaint-
iff and said Clowry and their grantors, as aforesaid, were pos-
sessed of and were the owners of an estate of inheritance in
fee in said lands above described, in which said quarries were
so situate, adjoining said Calumet feeder, and as such owners
during all that time, for said twenty years and upward, they
and their grantors had not only the common right of all
other citizens of said State, to navigate and pass with their

goods, etc., in boats, etc., in and upon said canal, but by rea-
son of said ownership of said lands, underneath, upon, and
contiguous to the banks thereof, by them and their grantors,
they became, and were, the rightful owners of an easement
of, in and to, the said water way or navigable way, appurtenant,
and of right belonging, to their said lands aforesaid, which said
easement was of great value, to wit, forty thousand dol-
lars and upward, at the time of the committing the griev-
ances, etc.

The above is a good statement of plaintiff's title and in-
terest in the water way.   1 Chitty on Pleading, 14th Am.
Ed., 381, marg. p. the same, and cases in note.

This count, like the first, shows that the lowering the wa-
ters in the feeder was wholly in consequence of the im-
provement by the city of Chicago, of deepening the canal
for the purpose of cleansing the Chicago river; that the de-
fendant was authorized by an act of the legislature passed
February 16, 1885, and that the plans were made and con-
tracts let and much of the work done, before the adoption of
the constitution of 1870 ; and there is no averment of de-
fendant exceeding its authority, or any negligence or un-
skillfulness in doing the work.

The case is, therefore, apparently within the principles an-
nounced in City of Chicago v. Rumsey, 87 Ill. 348, and not
governed by the provision of the constitution of 1870, which
prohibits the damaging of private property for public use
without compensation.

But counsel for appellant takes the position that, in this
second count, it sufficiently appears that plaintiff's intestate
had a property interest in the waters of the feeder, as a navi-
gable channel or canal, so that the drawing off such water
and leaving the channel unnavigable, was such a physical de
privation of such property, as amounted to a *taking* within
the meaning of § 11, Art. 13, of the Constitution of 1848, and
gives a right of action.   We have no jurisdiction to authori-
tatively decide that question, and therefore affirm the judg-
ment below, leaving the appellant to the necessity of going to
the Supreme Court to have the point determined.

Judgment affirmed.